UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HYEONIL SON,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**JUNG KIM a/k/a JUNG B. KIM,**<br><br>    **Defendant.** | Civ. No. 2:19-cv-21411 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

    This matter comes before the court on Plaintiff Hyeonil Son's ("Plaintiff") motion for default judgment against Defendant Jung Kim ("Defendant"), also known as Jung B. Kim, based on the claim that Defendant fraudulently induced Plaintiff into loaning him $200,000 for a fake recycling business, a loan that Defendant never repaid. ECF No. 14. For the reasons expressed below, Plaintiff's motion will be **GRANTED**.

## I.   DISCUSSION

    "Federal Rule of Civil Procedure 55(b)(2) provides for entry of a default judgment in favor of a plaintiff where a defendant has failed to plead or otherwise defend." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014). Although "the entry of a default judgment is left primarily to the discretion of the district court," the United States Court of Appeals for the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Thus, to ensure granting default judgment is the most appropriate form of relief in a case, the Court's analysis proceeds in various steps.

### A.   Jurisdiction, Service of Process, and Entry of Default

    First, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as Plaintiff is domiciled in Illinois, Defendant is domiciled in New Jersey, and the amount in controversy exceeds $75,000. Both the docket and the record on the instant motion reflect that after an extensive investigation into Defendant's whereabouts, Plaintiff properly served Defendant with a copy of the Summons and Complaint on August 12, 2020, at his current New Jersey address. ECF No. 8; Ex I, Pl. Mot., ECF No. 14-12. To date, Defendant has not filed an answer or responded to the Complaint or otherwise appeared in this action.

The Clerk properly entered default against him on May 6, 2021, and the present unopposed motion followed.

### B. Whether Plaintiff Has Stated a Cause of Action

Next, the Court must determine whether Plaintiff has sufficiently stated a cause of action against Defendant based upon the unchallenged allegations set forth in the Complaint. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 536 (D.N.J. 2008). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks and citation omitted). "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

The gravamen of Plaintiff's Complaint is that Defendant fraudulently induced Plaintiff to lend him $200,000 by pretending to be the owner of a recycling business, which he was not, and pretending to have "plentiful assets" in the form of four commercial vehicles to secure the loan, which was also untrue. Compl. ¶¶ 20-22, ECF No. 1. Defendant, of course, never repaid the loan, resulting in a $200,000 loss to Plaintiff. A more detailed account of Plaintiff's allegations is as follows:

In 2016, Plaintiff travelled from South Korea, where he was living and working at the time, to Pennsylvania to visit his wife and children. Compl. ¶ 8, ECF No. 1. During this visit, Plaintiff met Defendant, who represented himself as the owner of BN Recycling, Inc., a New Jersey corporation that he "set up" at 489 West Street in Fort Lee, New Jersey. *Id.* ¶¶ 6-8. Although not memorialized in the Complaint, Plaintiff certifies that he visited this address with Defendant and there indeed appeared to be a recycling business on site. Pl. Cert. ¶ 5, ECF No. 14-1; Pl. Br. at 2, ECF No. 14-2. He further certifies that he "had no reason not to believe that Defendant was the owner of the company." Pl. Cert. ¶ 5, ECF No. 14-1; Pl. Br. at 2, ECF No. 14-2. Defendant, however, was not the owner of this recycling business. Compl. ¶ 20, ECF No. 1. Instead, he owned an entity named Yu Recycling Inc. located at 421 Broad Avenue in Palisades Park, New Jersey. Cert. of Inc., Ex. H, Pl. Mot., ECF No. 14-11. Again, while also not memorialized in the Complaint, Plaintiff's counsel certifies that his investigation into this matter revealed that the Palisades Park address belonged to a restaurant owned by someone else, and the premises was never leased to Defendant or to Yu Recycling Inc. Kim Cert. ¶ 10, ECF No. 14-3.

At the end of 2017, Plaintiff obtained a green card in preparation for his move to the United States to join his family. Compl. ¶ 9, ECF No. 1. In January of 2018, knowing that Plaintiff was still in South Korea and was looking for financial stability once he moved, Defendant told Plaintiff he was seeking a loan to finance the purchase of additional vehicles for his recycling business. *Id.* ¶ 10. Plaintiff agreed to loan him $200,000, and Defendant prepared and forwarded a signed and notarized Loan Agreement. *Id.* ¶ 11.

The Loan Agreement, which is attached to Plaintiff's Complaint as Exhibit A, required Plaintiff to wire the $200,000 loan amount in Korean currency to a person designated by Defendant in Korea. *Id.* ¶ 12. On February 1, 2018, Plaintiff wired the funds to the accounts of two of Defendant's designated individuals, Hyun Sook Lee and Dae Eui Hong, in the amounts of $50,000 and $150,000, respectively. *Id.* ¶ 13. Defendant then drafted and notarized receipts of the funds and forwarded the receipts to Plaintiff's wife. *Id.* ¶ 14. The receipts are attached to Plaintiff's Complaint as Exhibit B. The Loan Agreement then required Defendant to pay Plaintiff $4,000 per month in interest for twenty-four (24) months, after which Defendant would return to Plaintiff the principal loan amount. Ex. A, Compl., ECF No. 1. The Loan Agreement identified four vehicles as collateral for the loan. *Id.*

Upon Plaintiff's arrival in the United States, Defendant made the $4,000 monthly interest payments for March and April of 2018. Compl. ¶ 14, ECF No. 1. But the check for May's interest payment was returned for insufficient funds. *Id.* ¶ 15. A copy of the bounced check, which identifies the account owner as BN Recycling Inc., is attached to Plaintiff's Complaint as Exhibit C. When Plaintiff demanded that Defendant repay the full loan principal immediately, Defendant gave Plaintiff a check for $200,000 from a closed account under Yu Recycling, Inc. *Id.* ¶ 16. A copy of the check is attached to Plaintiff's Complaint as Exhibit D. Defendant then gave Plaintiff another check for $200,000 from a personal account, which also turned out to be closed. *Id.* A copy of that check is not attached to the Complaint. Defendant told Plaintiff the accounts were closed because "he was being wrongfully investigated by the FBI" and warned Plaintiff that if he "were to file an action [to recover the loan], he would never give him his money back." *Id.* ¶ 17.

This civil action ensued. Plaintiff's Complaint asserts two claims for common law fraud and conversion but seeks default judgment on the fraud claim alone.

"To make out a fraud claim, a plaintiff must generally show: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Bruck v. Gorman*, No. 15-252 (JBS), 2015 WL 9459920, at *5 (D.N.J. Dec. 23, 2015) (citing *Jewish Ctr. of Sussex County v. Whale*, 432 A.2d 521, 524 (N.J. 1981)). Plaintiff has pleaded enough facts to demonstrate that all five elements have been met and that Defendant committed fraud, even considering the heightened pleading requirements for fraud claims under Federal Rule of Civil Procedure 9(b). Knowing that Plaintiff was looking for opportunities to financially support himself and his family once he moved to the United States, Defendant intentionally lied about his ownership interests and his assets to steal $200,000 from Plaintiff under the guise of a loan for a recycling company that, in reality, did not exist. Plaintiff has therefore stated a valid claim for fraud against Defendant.

### C. Whether Plaintiff is Entitled to a Default Judgment

Having determined the Complaint alleges a viable cause of action against Defendant, the Court considers whether entry of default judgment is appropriate by making "explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

First, the Court is unable to ascertain whether Defendant has meritorious defenses because he has not answered the Complaint or otherwise appeared in this action. *See Stanhope v. Bank of America, N.A.*, No. 16-2040 (NLH), 2016 WL 6645770, at *4 (D.N.J. Nov. 9, 2016). Second, Plaintiff will be prejudiced absent a default judgment because he will have no alternative means of vindicating his claims against Defendant. *Id.* Finally, Defendant's failure to respond permits the Court to draw an inference of culpability on his part. *See Joe Hand Promotions, Inc. v. Waldron*, No. 11-849 (RBK), 2013 WL 1007398, at *4. The factors, on balance, therefore weigh in favor of entering default judgment against Defendant. The Court will grant Plaintiff's motion.

### D. Damages

The remaining question is the appropriate damages to award.

Plaintiff seeks treble damages in the amount of $800,000, three times the amount of the loan principal, pursuant to the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-19. Pl. Br. at 4, ECF No. 14-2. But violation of the CFA is a cause of action not pleaded in Plaintiff's Complaint. The Court therefore defers to the Complaint which seeks compensatory and punitive damages "not less than $200,000" for Plaintiff's common law claims. With regard to compensatory damages, the Court finds that Plaintiff is entitled to judgment in the amount of $288,000—comprised of $200,000 for the principal loan amount and $88,000 for the twenty-two (22) months of unpaid interest payments—for Defendant's fraud.

With regard to punitive damages, such damages are a "limited remedy" and are governed by the New Jersey Punitive Damages Act ("NJPDA"), N.J. Stat. Ann. § 2A:15– 5.9, *et. seq. See Stanhope*, 2016 WL 6645770, at *5. The NJPDA requires Plaintiff to demonstrate "by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J. Stat. Ann. § 2A:15–5.12(a). The NJPDA defines actual malice as "an intentional wrongdoing in the sense of an evil-minded act" and defines "wanton and willful disregard" as a "deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." *Id*. at § 5.10. As pleaded in the Complaint, Plaintiff's allegations describe the unfortunate but typical scenario of a trusting individual exploited and swindled out of a significant amount of money by a con man. These allegations do not, however, rise to the level of actual malice or

4

wanton and willful disregard necessary to justify an award of punitive damages. *Cf. Stanhope*, 2016 WL 6645770, at *5 (awarding punitive damages on a common law fraud claim and finding defendants' actions to be "the epitome of actual malice" where they stole money from their blind and paralyzed son and lied to him about his bank balances in order to buy themselves "lavish" items). Accordingly, having failed to plead the requisite intent and culpability for an award of punitive damages under the NJPDA, Plaintiff cannot recover punitive damages here.

### E. Attorneys' Fees and Costs

Plaintiff states that if awarded the requested $800,000 in damages, he will waive his claim for legal fees and costs. Pl. Br. at 6, ECF No. 14-2. As the Court has not awarded him the requested sum, the Court will grant Plaintiff the opportunity to file an application for attorneys' fees and costs pursuant to Local Civil Rules 54.1 and 54.2. Plaintiff shall file such application within thirty (30) days after entry of this Opinion.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment, ECF No. 14, is **GRANTED**. Defendant shall pay Plaintiff $288,000 pursuant to the accompanying Judgment and Order.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 16, 2021**